1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thanh Do, | CASE NO. SACV 11-324-JST (JCGx) |
| Plaintiff, | |
| vs. | **ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 41), AND (2) DENYING AS MOOT DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS (Doc. 42)** |
| American Home Mortgage Servicing, Inc., et al., | |
| Defendants. | |

1

1    Before the Court are (1) a Motion to Dismiss Plaintiff's First Amended Complaint

2    filed by Defendants American Home Mortgage Servicing, Inc. ("AHMSI"), Power Default

3    Servicing, Inc. ("Power Default"), and Mortgage Electronic Registration Systems, Inc.

4    ("MERS") (collectively, the "Moving Defendants") (Mot. to Dismiss, Doc. 41); and (2) a

5    Motion to Expunge Lis Pendens filed by the Moving Defendants (Mot. to Expunge, Doc.

6    42).  Plaintiff Thanh Do ("Plaintiff") opposed the Motions on September 26, 2011.  (Opp'n

7    to Mot. to Dismiss, Doc. 44; Opp'n to Mot. to Expunge, Doc. 45.)  The Moving

8    Defendants replied on October 3, 2011.  (Reply, Doc. 46.)  The Court heard oral argument

9    on November 14, 2011.

10    For the reasons set forth below, the Court GRANTS the Moving Defendants'

11    Motion to Dismiss, and DENIES AS MOOT the Moving Defendants' Motion to Expunge

12    Lis Pendens.

13

14    **BACKGROUND**

15    Plaintiff initiated this action on January 26, 2011, by filing a Complaint in Orange

16    County Superior Court against AHMSI, Power Default, MERS, and American Home

17    Mortgage Acceptance, Inc. ("AHMA"), which asserted nine claims arising out of the

18    origination, servicing, and subsequent default of a mortgage loan issued to Plaintiff to

19    finance her residence at 20 Pinyon Jay Lane, Aliso Viejo, CA 92656 (the "Property").

20    (Notice of Removal, Ex. A, Doc. 1.)  On the same date, Plaintiff filed with the Orange

21    County Superior Court and recorded with the Orange County Recorder's Office a Notice

22    of Lis Pendens on the Property.  (Defs.' Req. for Judicial Notice ("RJN"), Ex. 6, Doc. 43.)[1]

---

24    [1]    On September 7, 2011, the Moving Defendants filed a Request for Judicial Notice in
support of their Motion to Dismiss Plaintiff's First Amended Complaint and their Motion to

25    Expunge Lis Pendens, requesting that the Court take judicial notice of:  (1) six documents
pertaining to the Property that had been recorded with the Orange County Recorder's Office,

26    including a November 18, 2004 Deed of Trust, September 2, 2010 Notice of Default, November 1,
2010 Substitution of Trustee, November 6, 2010 Assignment of Deed of Trust, January 3, 2011

27    Notice of Trustee's Sale, and January 26, 2011 Notice of Lis Pendens (RJN ¶¶ 1-6); (2) a May 18,
    (footnote continued)

28

2

1    On February 25, 2011, the Moving Defendants removed the case to federal court on

2 the basis of diversity jurisdiction.  Thereafter, on March 3, 2011, the Moving Defendants

3 filed a Motion to Dismiss Plaintiff's Complaint, and a Motion to Expunge Lis Pendens to

4 remove the January 26, 2011 Notice of Lis Pendens recorded on the Property.  Plaintiff

5 chose not to oppose either motion.  Accordingly, the Court granted both motions on April

6 5, 2011, and permitted Plaintiff leave to file an amended complaint within 20 days of the

7 Court's Order.  (Order Granting Defs.' Mot. to Dismiss and Mot. to Expunge Lis Pendens

8 As Unopposed, Doc. 10.)

9    On April 14, 2011, Plaintiff filed a First Amended Complaint ("FAC"), which is the

10 operative complaint in this action and the subject of the Moving Defendants' Motion to

11 Dismiss.  (FAC, Doc. 16.)  The FAC asserts five claims against AHMA and the Moving

12 Defendants, including claims for:  (1) fraud and misrepresentation, (2) violation of

13 California Business and Professions Code § 17200, *et seq*., (3) breach of contract,

14 (4) breach of the covenant of good faith and fair dealing, and (5) injunction against

15 wrongful foreclosure.

16    Plaintiff's FAC alleges that on or about November 10, 2004, an AHMA

17 representative contacted Plaintiff to discuss refinancing her home mortgage loan.  (FAC

18 ¶ 9.)  The AHMA representative "promised" Plaintiff that she would be provided with a

19 "favorable fixed rate thirty-year . . . amortized home loan," and Plaintiff submitted the

20 necessary application and supporting documentation to proceed with the refinance.  (*Id*.

21 ¶ 10.)  On November 18, 2004, Plaintiff obtained an adjustable rate mortgage loan from

22 AHMA in the amount of $513,750.00, secured by a Deed of Trust on the Property (the

23 ─────────────────────

24 2011 Order issued by the Court in this action (*id*. ¶ 7); (3) a stipulation entered by the parties in
this action (*id*. ¶ 8); and (4) a joint status report filed by the parties in this action (*id*. ¶ 9).

25 Defendants' Request for Judicial Notice is GRANTED, as the contents of these documents are
"not subject to reasonable dispute" in that they are "capable of accurate and ready determination

26 by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201; *see
also Kelly v. Johnston*, 111 F.2d 613, 615 (9th Cir. 1940) (a district court may take judicial notice

27 of its own records).

28

1  "Loan").  (*Id*. ¶ 12; RJN, Ex. 1.)  Plaintiff alleges that AHMA's loan representative

2  inaccurately described and failed to disclose material terms of the Loan, concealed or

3  otherwise failed to disclose documents that "would have put [her] on notice that she was

4  being provided with an adjustable rate mortgage and not a fixed rate mortgage as

5  promised," and forged Plaintiff's signature on certain loan documents.  (FAC ¶¶ 12-13,

6  22.)

7      After AHMA originated and funded the Loan, AHMSI assumed responsibility for

8  servicing the Loan.  (*Id*. ¶ 15.)  Thereafter, Plaintiff experienced difficulty making her loan

9  payments, and, on or about July 1, 2010, contacted AHMSI to obtain a loan modification.

10  (*Id*. ¶ 16.)  However, AHMSI "refused to review or allow Plaintiff to submit an application

11  for a modification," and instead "immediately advised [her] that modifications 'do not

12  work' for self-employed borrowers and that Plaintiff should 'find a job with a W-2.'"  (*Id*.)

13      On September 2, 2010, AHMSI and Default Resolution Network recorded a Notice

14  of Default on the Property, which advised Plaintiff that she owed outstanding payments on

15  the Loan in the amount of $20,582.30.  (*Id*. ¶ 17; RJN, Ex. 2.)  On November 1, 2010,

16  Power Default was substituted as trustee for the Loan.  (FAC ¶ 18; RJN, Ex. 3.)  AHMSI

17  and Power Default recorded a Notice of Trustee's Sale on the Property on January 6, 2011.

18  (FAC ¶ 19; RJN, Ex. 5.)  The foreclosure sale was subsequently postponed (FAC ¶ 19,

19  and has not yet taken place (Mot. to Dismiss at 2).

20      The Moving Defendants filed their first motion to dismiss the FAC on May 3, 2011.

21  On May 18, 2011, the Court struck the motion to dismiss, and ordered the parties to

22  participate in Loan Modification Settlement Proceedings.  (Order Striking Mot. to Dismiss,

23  Doc. 29.)  The Court granted several requests by the parties to continue the deadline to

24  conduct settlement negotiations in order to permit Plaintiff to provide Defendants with the

25  documentation necessary to apply for a loan modification.  On August 25, 2011, the parties

26  filed a Joint Status Report advising the Court that "the Parties agree that a loan

27  modification is not feasible" because Plaintiff and her co-obligor failed to produce the

28

4

1   necessary tax forms to prove their income for the purposes of a loan modification.  (Joint

2   Status Report Re: Loan Modification Settlement Conference ("Joint Status Report") at 2;

3   Doc. 39.)  The parties further stipulated that Plaintiff could not produce such forms

4   because neither she, nor her co-obligor, had filed tax returns for tax years 2008, 2009, or

5   2010.  (*Id.*)  Based upon the parties' stipulation, the Court terminated the Loan

6   Modification Settlement Proceedings on August 31, 2011.

7       On September 7, 2011, the Moving Defendants filed a Motion to Dismiss Plaintiff's

8   FAC and a Motion to Expunge Lis Pendens.

9

10  **MOTION TO DISMISS**

11      **I.   <u>Legal Standard</u>**

12      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

13  sufficiency of the claims asserted in the complaint.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937,

14  1949-50 (2009).  Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure

15  8(a), which requires only a short and plain statement of the claim showing that the pleader

16  is entitled to relief.  Fed. R. Civ. P. 8(a)(2).   When evaluating a Rule 12(b)(6) motion, the

17  district court must accept all material allegations in the complaint as true and construe

18  them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382,

19  1384 (9th Cir. 1994).

20      To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim

21  to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

22  (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for

23  more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 129 S. Ct. at

24  1949 (quoting *Twombly*, 550 U.S. at 556).  A complaint must (1) "contain sufficient

25  allegations of underlying facts to give fair notice and to enable the opposing party to

26  defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is

27  not unfair to require the opposing party to be subjected to the expense of discovery and

28

5

1    continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Although for

2    the purposes of a motion to dismiss [the Court] must take all of the factual allegations in

3    the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a

4    factual allegation.'"  *Iqbal*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 555).

5    **II.   Discussion**

6        As set forth above, Plaintiff's FAC asserts five claims against Defendants AHMA,

7    AHMSI, Power Default, and MERS.  AHMA has not appeared in this action, and therefore

8    does not join the Moving Defendants' Motion to Dismiss.  Plaintiff concedes that her

9    allegations regarding AHMA's conduct do not apply to the Moving Defendants.

10   Therefore, the Court does not address them here.  (*See* Opp'n to Mot. to Dismiss at 6.)

11   Plaintiff also concedes that each of her claims against Power Default and MERS should be

12   dismissed.  (Opp'n to Mot. to Dismiss at 11.)  Accordingly, the Moving Defendants'

13   Motion to Dismiss is GRANTED as to Power Default and MERS.

14       The Court will address each claim as it pertains to AHMSI in turn.

15   **A.  *Claim One:  Fraud and Misrepresentation***

16       Plaintiff's first claim seeks damages and injunctive relief against AHMSI for fraud

17   and misrepresentation.  In order to assert a claim for fraud under California law, Plaintiff

18   must plead:  (1) a misrepresentation, (2) knowledge of falsity, (3) intent to defraud,

19   (4) justifiable reliance, and (5) resulting damage.  *Robinson Helicopter Co. v. Dana Corp.*,

20   34 Cal. 4th 979, 990 (2004).

21       Plaintiff must also meet the heightened pleading standards of Federal Rule of Civil

22   Procedure 9(b), which requires a "party [to] state with particularity the circumstances

23   constituting fraud," Fed. R. Civ. P. 9(b), including "the who, what, when, where, and how

24   of the misconduct charged" and "what is false or misleading about a statement and why it

25   is false," *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal

26   citations and quotation marks omitted) ("Rule 9(b)'s particularity requirement applies to

27   state-law causes of action").  When a plaintiff asserts a fraud claim against a corporation,

28

1  the requirement of specificity in a fraud action requires "[t]he plaintiff [to] allege the

2  names of the persons who made the allegedly fraudulent representations, their authority to

3  speak, to whom they spoke, what they said or wrote, and when it was said or written."

4  *Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal. App. 4th 153, 157 (1991).

5       Here, Plaintiff bases her fraud claim against AHMSI on two alleged

6  misrepresentations.  First, Plaintiff alleges that "on or about July 1, 2010, Defendant

7  AHMSI misrepresented that self-employed borrowers cannot submit loan modification

8  applications."  (FAC ¶ 24.)  Second, Plaintiff asserts that "Defendant AHMSI represented

9  on the Notice of Default that Plaintiff owed $20,582.30 to sufficiently cure the default,"

10 which "on information and belief . . . was not an accurate representation of the balance due

11 to her account because Plaintiff's interest rate never should have been adjusted."  (*Id.*

12 ¶ 25).

13      Neither purported fraudulent statement is sufficiently pled to survive the Moving

14 Defendants' Motion to Dismiss.  Plaintiff's allegations regarding AHMSI's statement that

15 Plaintiff was ineligible for loan modification are not pled with sufficient particularity, as

16 the allegations fail to identify both the name of the AHMSI representative who made the

17 allegedly fraudulent statement and that individual's authority to speak on behalf of

18 AHMSI.  The allegations also lack underlying facts sufficient to state a claim for fraud that

19 is "plausible on its face," because the FAC is devoid of allegations regarding resulting

20 damage from AHMSI's loan modification representations.  *Twombly*, 550 U.S. at 570.

21      Likewise, Plaintiff's allegations regarding the amount stated on the Notice of

22 Default are not pled with particularity under Rule 9(b) because the FAC does not contain

23 any facts regarding why the amount stated is false other than Plaintiff's "information and

24 belief" that the interest rate on the Loan should not have been adjusted.  Nor do the

25 allegations set forth all elements of a fraud claim under California law because Plaintiff

26 has not alleged that AHMSI knowingly misreported the amount due, that Plaintiff relied on

27 the misrepresentation, or that Plaintiff suffered any damage as a result.  Accordingly, the

28

1  Moving Defendants' Motion to Dismiss Plaintiff's claim for fraud and misrepresentation is

2  GRANTED as to AHMSI.

3       Plaintiff argues that she should be given leave to amend her fraud claim if the Court

4  grants the Moving Defendants' Motion to Dismiss.  "A district court should grant leave to

5  amend . . . unless it determines that the pleading could not possibly be cured by the

6  allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting

7  *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995)) (internal quotation marks omitted).

8       Here, leave to amend would be futile as to AHMSI's purported loan modification

9  misrepresentations because, even assuming an AHMSI representative advised Plaintiff that

10 she could not apply for loan modification, Plaintiff cannot allege she was damaged by that

11 misrepresentation.  In the parties' Joint Status Report filed with this Court, Plaintiff

12 stipulated that she is ineligible for loan modification because she failed to file tax returns

13 for the years 2008 through 2010 (Joint Status Report at 2), and, therefore, cannot prove her

14 income as required for loan modification.  Accordingly, Plaintiff cannot allege the

15 necessary element of causal damages from AHMSI's alleged misrepresentation because

16 she was ineligible for loan modification at the time any purported misstatement was made

17 on July 1, 2010.  Therefore, the Court DENIES leave to amend as to Plaintiff's claim for

18 fraud arising out of AHMSI's loan modification misrepresentations.

19      Plaintiff may, however, be able to cure the deficiencies in her FAC regarding

20 inaccuracies in the Notice of Default.  Thus, Plaintiff is granted leave to amend her fraud

21 claim against AHMSI insofar as it pertains to the Notice of Default, provided that Plaintiff

22 can allege facts, consistent with Rule 11 of the Federal Rules of Civil Procedure, that

23 support each element of fraud under California law.

24

25

26

27

28

1                **B.  *Claim Two:  Violation of California Business & Professions***

2                     ***Code § 17200 et seq.***

3        Plaintiff's second claim alleges that AHMSI engaged in unfair business practices in

4 violation of California's Unfair Competition Law (the "UCL"), California Business and

5 Professions Code §§ 17200, *et seq*., based on its allegedly fraudulent misrepresentations

6 regarding loan modification, set forth above.  (FAC ¶¶ 39-40.)  Where, as here, a

7 plaintiff's UCL claim is grounded in fraud, it must meet the heightened pleading standards

8 established by Rule 9(b).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir.

9 2009).  Therefore, Plaintiff's UCL claim fails for the same reason her fraud claim fails—

10 she failed to plead "the names of the persons who made the allegedly fraudulent

11 representations [and] their authority to speak . . . ." *Tarmann*, 2 Cal. App. 4th at 157.

12        Also as with Plaintiff's fraud claim, amendment of Plaintiff's UCL claim would be

13 futile as to AHMSI.  The UCL only provides a private right of action for persons who have

14 "suffered injury in fact and [have] lost money or property as a result of the unfair

15 competition."  Cal. Bus. & Prof. Code § 17204; *Californians for Disability Rights v.*

16 *Mervyn's, LLC*, 39 Cal. 4th 223, 227 (2006).  A UCL plaintiff must, therefore, prove that

17 the alleged unfair business practice caused the plaintiff harm.  There is no causation "when

18 a complaining party would suffer the same harm whether or not a defendant complied with

19 the law." *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 (2007).  Here, Plaintiff

20 would have been denied a loan modification regardless of whether AHMSI "refus[ed] to

21 allow [her] to submit a loan modification because she is self-employed."  (FAC ¶ 40.)

22 Accordingly, Plaintiff lacks standing under the UCL to assert a claim against AHMSI, and

23 her claim is DISMISSED with prejudice.

24                    **C.  *Claim Three:  Breach of Contract***

25        Plaintiff's third claim alleges that AHMSI breached the written Deed of Trust

26 executed on November 18, 2004, by "failing to service Plaintiff's loan according to the

27 terms disclosed at origination."  (FAC ¶ 46; *id*. ¶ 43).  Plaintiff further alleges that AHMSI

28

1  breached the agreement by "charg[ing] Plaintiff late fees and initiat[ing] foreclosure

2  proceedings."  (*Id*. ¶ 46.)

3       These allegations do not state a claim for breach of contract under California law.

4  In California, "[a] cause of action for breach of contract requires proof of the following

5  elements:  (1) existence of the contract; (2) plaintiff's performance or excuse for

6  nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the

7  breach."  *CDF Firefighters v. Moldonado*, 158 Cal. App. 4th 1226, 1239 (2008).  While

8  Plaintiff has alleged the existence of a contract—the November 18, 2004 agreement for an

9  adjustable rate mortgage, and an excuse for her nonperformance—fraud in the execution of

10 the contract by AHMA, she has failed to allege any breach of the written agreement by

11 AHMSI.  Plaintiff points to no provision of the Deed of Trust with which AHMSI failed to

12 comply.  On that basis, Plaintiff has failed to state a breach of contract claim against

13 AHMSI based on the written Deed of Trust that "plausibly suggest[s] an entitlement to

14 relief . . . ."  *Starr v. Baca*, 652 F.3d at 1216.

15      Plaintiff also appears to base her breach of contract claim on AHMSI's supposed

16 breach of oral representations made by AHMA at the time of origination that vary from

17 those memorialized in the written Deed of Trust.  (FAC ¶¶ 44-48.)  Such a claim fails as a

18 matter of law.

19      Under California law, "[a] mortgage or deed of trust . . . comes within the statute of

20 frauds."  *Secrest v. Sec. Nat'l Mortg. Loan Trust 2002–2*, 167 Cal. App. 4th 544, 553

21 (2008) (citing Cal. Civ. Code § 2922).  Accordingly, a mortgage or deed of trust is invalid

22 unless it is memorialized by a writing signed by the party to be charged.  Cal. Civ. Code §

23 1624.  Any oral "contract" between AHMA and Plaintiff for a fixed rate mortgage is,

24 therefore, barred by the statute of frauds and could not have been breached by AHMSI.

25      Therefore, the Moving Defendants' Motion to Dismiss is GRANTED as to AHMSI.

26 The Court grants Plaintiff leave to amend her claim insofar as she can allege facts,

27

28

1  consistent with Rule 11 of the Federal Rules of Civil Procedure, which support a breach of
2  the *written* Deed of Trust by AHMSI.

3  **D.  *Claim Four:  Breach of Covenant of Good Faith and Fair Dealing***

4  Plaintiff's fourth claim for relief asserts that AHMSI breached the covenant of good
5  faith and fair dealing by fraudulently representing to Plaintiff that she could not apply for
6  loan modification because she was self-employed.  (FAC ¶ 55(d).)

7  California law implies a covenant of good faith and fair dealing in every contract,
8  which imposes an obligation on contracting parties to "discharge their contractual
9  obligations fairly and in good faith."  *Mundy v. Household Fin. Corp.*, 885 F.2d 542, 544
10  (9th Cir. 1989) (applying California law); *see also Guz v. Bechtel Nat'l. Inc.*, 24 Cal. 4th
11  317, 349 (2000).  However, the implied covenant of good faith and fair dealing is not
12  limitless.  Rather, it "exists merely to prevent one contracting party from unfairly
13  frustrating the other party's right to receive the benefits of the *agreement actually made*."
14  *Guz*, 24 Cal. 4th at 349 (emphasis added).  "The covenant thus cannot be endowed with an
15  existence independent of its contractual underpinnings."  *Id.* (quoting *Waller v. Truck Ins.*
16  *Exch., Inc.*, 11 Cal. 4th 1, 36 (1995)).  Nor can it "impose substantive duties or limits on
17  the contracting parties beyond those incorporated in the specific terms of their agreement."
18  *Id.*

19  Here, Plaintiff has not alleged any term of the written Deed of Trust that imposes a
20  duty on AHMSI to offer her a loan modification.  Nor could she because none exists.
21  Accordingly, Plaintiff's claim for breach of the covenant of good faith and fair dealing is
22  DISMISSED with prejudice as to AHMSI.

23  **E.  *Claim Five:  Injunction Against Wrongful Foreclosure***

24  Plaintiff's fifth claim seeks an injunction against the wrongful foreclosure of her
25  property.[2]  In her FAC, Plaintiff asserts two bases for her wrongful foreclosure claim:

26  
27  [2]   The Court notes that Plaintiff's claim for injunction against wrongful foreclosure is
incorrectly labeled in Plaintiff's FAC as the "sixth cause of action."  The Court will refer to
28  (footnote continued)

1   (1) AHMSI failed to comply with the requirements of California Civil Code § 2923.5; and

2   (2) AHMSI failed to comply with the requirements of California Civil Code § 2923.53.

3   (FAC ¶¶ 57-65.)  In her opposition, Plaintiff concedes that she cannot state a claim under

4   either section because section 2923.5 is preempted by federal law and section 2923.53 was

5   repealed prior to the filing of this action.  (Opp'n to Mot. to Dismiss at 10.)  Accordingly,

6   Plaintiff's claim for wrongful foreclosure is DISMISSED as to AHMSI.

7        Plaintiff contends that she should be permitted to amend her wrongful foreclosure

8   claim because "she has alleged all the specific elements to state a valid claim for injunction

9   against wrongful foreclosure based on allegations of fraud and misrepresentation . . . ."

10  (*Id*. at 11.)  The Court disagrees.  Any additional fraud claim against AHMSI is duplicative

11  of Plaintiff's first claim, which fails for the reasons set forth above.  To the extent Plaintiff

12  seeks to assert a separate claim for an injunction, her efforts are misplaced because

13  "injunctive relief is a remedy, not a cause of action."  *Guessous v. Chrome Hearts, LLC*,

14  179 Cal. App. 4th 1177, 1187 (2009).  Therefore Plaintiff's fifth claim is dismissed with

15  prejudice as to AHMSI.

16

17  **MOTION TO EXPUNGE LIS PENDENS**

18       In addition to filing their Motion to Dismiss Plaintiff's FAC, the Moving

19  Defendants also Filed a Motion to Expunge Lis Pendens, requesting that the Court

20  (1) expunge the Notice of Lis Pendens recorded by Plaintiff on January 26, 2011, and

21  (2) award the Moving Defendants attorney's fees in the amount of $2,227.50 for the time

22  expended in drafting and filing their Motion.  (Mot. to Expunge at 2.)  Such a motion was

23  unnecessary, however, because the Court already granted the Moving Defendants' request

24  to expunge the January 26, 2011 Notice of Lis Pendens after Plaintiff failed to oppose the

25  Moving Defendants' Motion to Expunge Lis Pendens filed on March 3, 2011.  (Doc. 10.)

26  _____

27  Plaintiff's wrongful foreclosure claim as Plaintiff's "fifth" claim, which is how it should have
    been numbered sequentially in Plaintiff's FAC.

28

12

Accordingly, the Moving Defendants' Motion to Expunge is DENIED AS MOOT.  Their request for attorney's fees is also DENIED because the filing of the current motion was unnecessary.

**CONCLUSION**

For the foregoing reasons, the Court ORDERS:

(1) The Moving Defendants' Motion to Dismiss (Doc. 41) is GRANTED:

    A. Plaintiff's FAC is DISMISSED with prejudice as to Power Default and MERS.

    B. Plaintiff's second, fourth, and fifth claims are DISMISSED with prejudice as to AHMSI.

    C. Plaintiff's first and third claims are DISMISSED with leave to amend as to AHMSI in a manner consistent with this Order.

(2) The Moving Defendants' Motion to Expunge Lis Pendens (Doc. 42) is DENIED AS MOOT.

(3) The Moving Defendants' request for attorney's fees (Doc. 42) is DENIED.

(4) Plaintiff is given leave to file a Second Amended Complaint **within 21 days** of this Order.  Failure to file a Second Amended Complaint by that date shall be deemed consent to the dismissal of Plaintiff's claims against AHMSI with prejudice.

DATED: <u>November 17, 2011</u>

**JOSEPHINE STATON TUCKER**
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE
